IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELIZABETH A. TURNER,

        Plaintiff,

    v.

STATE OF OREGON,

        Defendant.

Case No. 3:26-cv-01192-AB

OPINION & ORDER

**BAGGIO, District Judge:**

Plaintiff Elizabeth Turner brings this case against Defendant State of Oregon. Am. Compl., ECF No. 6. Plaintiff seeks to proceed *in forma pauperis* ("IFP"). IFP Appl., ECF No. 7. Because Plaintiff has minimal income and assets, the Court grants Plaintiff's Application for Leave to Proceed IFP. However, for the reasons below, the Court dismisses Plaintiff's Amended Complaint with leave to amend under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

1 – OPINION & ORDER

## BACKGROUND

In her initial Complaint, Plaintiff brought suit under 42 U.S.C. § 1983 alleging violations of the Guarantee Clause and Supremacy Clause, Compl. 1–2.[1] The Court dismissed Plaintiff's Complaint under § 1915(e)(2)(B)(ii) for failure to state a claim because Plaintiff brought her § 1983 claim against the State of Oregon and "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Order 2–3, ECF No. 4 (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Plaintiff timely filed an Amended Complaint.

Plaintiff alleges in her Amended Complaint that:

> Oregon law is difficult on the subject of how to proceed when a candidate for County office, a commission seat, a nonpartisan, dies on election day. It's there in the law, but it is not well stated clearly in one place like a state candidate. Because it's difficult, I asked the courts [sic] judgement [sic] to stop a wrong interpretation that would deny thousands including myself the right to vote for a new commissioner.

Am. Compl. 1. Plaintiff's "claim of jurisdiction is that Federal Voting law/rights are Federal rights to be protected by Federal law first." *Id.* The only federal statutory or constitutional provision that Plaintiff cites is Title I of the Civil Rights Act, 52 U.S.C. § 10101. *See id.* at 2–3, 15–17. Plaintiff quotes from § 10101(a), (b), (c), and (d), *id.* at 2–3, and includes, as Attachment 10 to the Complaint, the contents of 52 U.S.C. § 10101, *id.* at 15–17.

## STANDARDS

The Court may dismiss a complaint filed *in forma pauperis* if the court determines that the action "fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint

---

[1] The Court uses CM/ECF pagination.

fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556–57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts, however, must construe *pro se* filings liberally. *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980 (9th Cir. 2022). A *pro se* complaint "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Simmons v. United States*, 142 S. Ct. 23, 25 (2021) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam) (citation omitted).

## DISCUSSION

Plaintiff brings her Amended Complaint pursuant to Title I of the Civil Right Act, 52 U.S.C. § 10101. Am. Compl. 2–3. The Court will first provide an overview of § 10101 before turning to Plaintiff's Amended Complaint and finding that Plaintiff fails to state a claim on which relief may be granted.

## I.    Overview of § 10101

Subsections (a) and (b) of § 10101 set forth the statute's prohibitions while subsections (c) and (d) address proper plaintiffs and jurisdiction. Subsection (a) "prohibit[s] the arbitrary application of voter qualification standards and procedures and bar[s] literacy tests . . . ." *Pa. State Conf. of NAACP Branches v. Sec'y Commonwealth of Pa.*, 97 F.4th 120, 126 (3d Cir.

3 – OPINION & ORDER

2024). Section 10101(a)(2) sets forth these proscriptions, providing that "no person acting under color of law shall[:]"

(A) in determining whether any individual is qualified under State law or laws to vote in any election, apply any standard, practice, or procedure different from the standards, practices, or procedures applied under such law or laws to other individuals within the same county, parish, or similar political subdivision who have been found by State officials to be qualified to vote;

(B) deny the right of any individual to vote in any election because of an error or omission on any record or paper relating to any application, registration, or other act requisite to voting, if such error or omission is not material in determining whether such individual is qualified under State law to vote in such election; or

(C) employ any literacy test as a qualification for voting in any election unless [certain conditions are satisfied.]

52. U.S.C. § 10101(a)(2). Section 10101(a)(2)(A) is often referred to as the Different Standards, Practices, and Procedures Provision, or the DSPP Provision. *See, e.g.*, *Mi Familia Vota v. Fontes*, 129 F.4th 691, 722 (9th Cir. 2025). Section 10101(a)(2)(B) is often referred to as the Materiality Provision. *Id.* at 720. Next, § 10101(b) provides that "[n]o person, whether acting under color of law or otherwise, shall intimidate, threaten, coerce, or attempt to intimidate, threaten, or coerce any other person for the purpose of interfering with the right of such other person to vote . . . ." 52 U.S.C. § 10101(b).

After setting forth those prohibitions, subsections (c) and (d) provide for *who* may bring suits and *where* they may do so. Section 10101(c) provides:

Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice which would deprive any other person of any right or privilege secured by subsection (a) or (b), the Attorney General may institute for the United States, or in the name of the United States, a civil action or other proper proceeding for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order.

52 U.S.C. § 10101(c). The final subsection relevant here, § 10101(d), reads:

4 – OPINION & ORDER

"The district courts of the United States shall have jurisdiction of proceedings instituted pursuant to this section and shall exercise the same without regard to whether the party aggrieved shall have exhausted any administrative or other remedies that may be provided by law." 52 U.S.C. § 10101(d).

Plaintiff does not specify under which provision of § 10101 she brings her claim. The Court will first address the deficiencies of Plaintiff's pleading if brought under § 10101(a) before turning to the deficiencies if brought under § 10101(b). Under either scenario, the Court dismisses Plaintiff's Amended Complaint for failure to state a claim.

## II.    Section 10101(a)

If Plaintiff brings her claim under § 10101(a), she confronts a circuit split about whether there is a private right of action to enforce § 10101(a) via 42 U.S.C. § 1983. Even if the Court finds a private right of action, a § 1983 action may not be brought against the State of Oregon.

The circuits are split on whether private individuals (as opposed to the Attorney General) may bring suit to enforce § 10101(a); the Ninth Circuit has not explicitly spoken on the issue. The Third, Fifth, Eighth, and Eleventh Circuits have held that a plaintiff may enforce § 10101(a) via § 1983, while the Sixth Circuit has foreclosed this type of action. *See Get Loud Arkansas v. Jester*, 171 F.4th 1058, 1065 (8th Cir. 2026) ("We . . . accept as unchallenged . . . the district court's conclusion that the Materiality Provision creates an individual right that is enforceable under § 1983"); *Pa. State Conf. of NAACP Branches*, 97 F.4th at 128 (reaching the merits where "five individuals . . . along with [civil rights and voting organizations] brought this suit under 42 U.S.C. § 1983 against . . . county boards of elections and the Secretary of the Commonwealth of Pennsylvania . . . claiming [a violation of] the Materiality Provision"); *Vote.org v. Callanen*, 89 F.4th 459, 478 (5th Cir. 2023) ("[The plaintiff] can seek a remedy for Section 10101 violations

5 – OPINION & ORDER

by way of Section 1983."); *Schwier v. Cox*, 340 F.3d 1284, 1297 (11th Cir. 2003) (finding the provisions of 52 U.S.C. § 10101—at that time codified at 42 U.S.C. § 1971—"may be enforced by a private right of action under § 1983"). *But see Ne. Ohio Coal. for the Homeless v. Husted*, 837 F.3d 612, 630 (6th Cir. 2016) (holding "the negative implication of Congress's provision for enforcement by the Attorney General is that the statute does not permit private rights of action" and thus "[t]he plaintiffs may not bring an action for a violation of § 10101(a)").

The Ninth Circuit has not explicitly spoken on a private right of action under § 10101(a). That said, in a recent Ninth Circuit case, the district court below found that the plaintiffs "may enforce the rights conferred by § 10101 pursuant to § 1983." *Mi Familia Vota v. Fontes*, 719 F. Supp. 3d 929, 993 (D. Ariz. 2024) (adjudicating § 10101(a)(2)(A)–(B)). On appeal, the Ninth Circuit reached the § 10101(a)(2)(A)–(B) issues without questioning the provenance of the right of action. *See Mi Familia Vota*, 129 F.4th at 720–24 (9th Cir. 2025), *cert. granted*, No. 25-1017, -- S. Ct. -- (June 29, 2026). This indicates, at minimum, that the private enforcement of § 10101(a) via § 1983 was not contested on appeal at the Ninth Circuit. In contrast, other district courts in the Ninth Circuit have found, in light of § 10101(c)'s provision for actions instituted by the Attorney General, that there is no private right of action under § 10101. *See, e.g., Duran v. Lollis*, No. 1:18-cv-01580-DAD-SAB, 2019 WL 691203, at *9 (E.D. Cal. Feb. 19, 2019) ("[S]ection 10101 . . . only provides for actions instituted by the Attorney General . . . . [The plaintiff] does not have a private right of action under section 10101."); *Sharma v. Trump*, No. 2:20-cv-944-TLN-EFB PS, 2020 WL 5257709, at *2 (E.D. Cal. Sept. 3, 2020) ("52 U.S.C. § 10101 . . . does not provide [the] plaintiff with a private right of action."), *report and recommendation adopted*, 2020 WL 5944189 (E.D. Cal. Oct. 7, 2020).

6 – OPINION & ORDER

Here, assuming without deciding that Plaintiff may enforce § 10101(a) via § 1983, Plaintiff's Amended Complaint fails at the outset because she does not bring suit under § 1983. Moreover, even if Plaintiff brought this action pursuant to § 1983, she may not do so against the State of Oregon. As the Court noted in its prior Order, a state is not a "person" under § 1983. Order 2–3 (citing *Will*, 491 U.S. at 71). The Court grants Plaintiff leave to amend to cure the deficiencies identified.

### III.    Section 10101(b)

In contrast to § 10101(a), where the proscriptions are set forth under the header "[n]o person acting under color of law shall . . . [,]" the prohibition on intimidation or threats set forth in § 10101(b) apply to persons "whether acting under color of law or otherwise . . . ." 52 U.S.C. § 10101(a)–(b); *see also Nat'l Coal. Black Civic Participation v. Wohl*, 661 F. Supp. 3d 78, 126 (S.D.N.Y. 2023) (noting § 10101(b) "applies to the actions of private persons, as the statute expressly includes those 'acting under color of law *or otherwise*'" (quoting 52 U.S.C. § 10101(b)). In *National Coalition*, the court considered the plaintiff's § 10101(b) claim against a private plaintiff—no § 1983 hook whatsoever. The court reasoned that § 10101(b) "is largely identical to Section 11(b) of the [Voting Rights Act,]" 661 F. Supp. 3d at 126, and that Section 11(b) "afford[s] a private right of action[,]" *id.* at 112.

At this juncture, the Court need not resolve the § 10101(b) right of action issue because Plaintiff does not allege intimidation, threats, or coercion. Section 10101(b) requires a showing of intent—that the intimidation be "for the purpose of interfering" with a person's right to vote. 52 U.S.C. § 10101(b). Plaintiff does not allege intimidation, threats, or coercion, much less intentional intimidation, threats, or coercion. *See generally* Am. Compl. Rather, Plaintiff "believe[s] [her] county has been hamstrung by hard to find definite election law regarding this

unfortunate death on election day." *Id.* at 3. Plaintiff "ask[s] this Federal Court to summarize these many statutes into a ruling to request Oregon to re-write nonpartisan law on death vacancies that's clear for all election catagories [sic]." *Id.* Plaintiff therefore does not state an intimidation, threat, or coercion claim under § 10101(b).

**CONCLUSION**

The Court GRANTS Plaintiff's Application to Proceed In Forma Pauperis [7]. However, because Plaintiff fails to state a claim, the Court DISMISSES Plaintiff's Amended Complaint [6] with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in dismissal of the case.

IT IS SO ORDERED.

DATED this __28th__ day of July, 2026.

AMY M. BAGGIO
United States District Judge

8 – OPINION & ORDER